**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

RALPH T. WILSON,

    Defendant.

**Criminal No. 96-319-02 (CKK)**
**Civil Action No. 00-2194 (CKK)**

**MEMORANDUM OPINION**
(June 17, 2013)

In 1997, a jury convicted Defendant Ralph T. Wilson of conspiracy to kill a witness, killing a witness with intent to prevent him from testifying, retaliating against a witness, and first degree murder while armed.  The United States Court of Appeals for the District of Columbia Circuit affirmed the Defendant's convictions, and this Court denied Defendant Wilson's initial motion to vacate his conviction in August 2005.  Presently before the Court is the Defendant's [297] Motion to Obtain Relief from a Final Judgment Under Federal Rule [of] Civil Procedure Rule 60(b), [298] Motion for Disclosure; and [322] Motion for Leave of the Court to Supplement Rule 60(b) Motion Pursuant to Civil Rules [sic] of Procedure 15(a).  In essence, the Defendant argues that intervening changes in law as articulated by the Supreme Court warrant vacating the Defendant's conviction.  Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds it lacks jurisdiction to entertain the Defendant's motion absent certification from the United States Court of Appeals for the District of Columbia Circuit.

---

[1] Def.'s Mot. for Relief from a Final J. ("Def.'s Mot."), ECF No. [297]; Def.'s Mot. for Disclosure, ECF No. [298]; Gov't's Opp'n to Def.'s Mot. for Relief from a Final J. ("Gov't's Opp'n"), ECF No. [304]; Def.'s Reply in Support of His Mot. for Relief from a Final J. ("Def.'s Reply"), ECF No. [317]; Def.'s Mot. to Suppl., ECF No. [322]; Gov't's Opp'n to Def.'s Mot. to Suppl., ECF No. [324]; Def.'s Reply in Support of His Mot. to Suppl., ECF No. [325].

Accordingly, the Defendant's Rule 60(b) motion is DENIED and the Defendant's motion for disclosure and motion for leave to supplement his Rule 60(b) motion are DENIED AS MOOT.

## I. BACKGROUND

In 1996, Defendant Ralph Wilson's brother, James Wilson, was charged with robbing a United States Post Office. *United States v. Wilson*, 160 F.3d 732, 736 (D.C. Cir. 1998). Upon learning that an individual named Leroy Copeland was scheduled to testify against James Wilson at trial, Defendant Ralph Wilson and his brother Louis Wilson set out to locate Copeland. *Id.* After learning of information as to Copeland's whereabouts, on the evening of March 25, 1996, Louis Wilson murdered Copeland by shooting him repeatedly. *Id.* A jury convicted Defendant Ralph Wilson, Louis Wilson, and Marcellus Judd of conspiracy to kill a witness (in violation of 18 U.S.C. § 371), killing a witness with intent to prevent him from testifying (in violation of 18 U.S.C. § 1512(a)(1)(A)), retaliating against a witness (in violation of 18 U.S.C. § 1513(a)(1)(B), (2)), and first degree murder while armed (in violation of D.C. Code §§ 22-201, 22-3202) . *Id.* Louis Wilson was also convicted of two counts of using a firearm during and in relation to a crime of violence and one count of possession of a firearm during a crime of violence. *Id.* The D.C. Circuit vacated one of Louis Wilson's convictions for using a firearm during and in relation to a crime of violence and reversed each of Marcellus Judd's convictions, but affirmed Defendant Ralph Wilson's convictions. *Id.*

The Defendant moved to vacate his conviction pursuant to 28 U.S.C. § 2255 on the grounds that his counsel was ineffective, the Government failed to timely disclose exculpatory information before trial, and that the introduction of certain statements at trial violated his Confrontation Clause rights under the Sixth Amendment. The Court denied the Defendant's motion to vacate. *See generally* 8/30/2005 Mem. Op. & Order, ECF Nos. [276, 277]. Several

years later, the Defendant filed the present Rule 60(b) motion seeking relief from the final judgment denying his section 2255 motion, arguing that the Supreme Court's subsequent decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), requires the Court to vacate the Defendant's conviction based on the Confrontation Clause issues identified in his section 2255 motion.  The Defendant subsequently sought to supplement his Rule 60(b) motion to include the claim that he was prosecuted under "under an incorrect interpretation of 18 U.S.C. § 1512" in light of the Supreme Court's decisions in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005), and *Fowler v. United States*, 131 S. Ct. 2045 (2011).  Def.'s Mot. to Suppl. at 2. The Government opposes the Defendant's motions on the grounds that they are second or successive petitions under section 2255, thus the Defendant is required to obtain a certification from the D.C. Circuit before this Court has jurisdiction to consider the Defendant's motions. Furthermore, the Government contends that even if the Defendant's motions are procedurally proper, they fail on the merits.  The Court agrees that it lacks jurisdiction to entertain the Defendant's Rule 60(b) motion, and therefore does not reach the merits of the Defendant's request to vacate his conviction or his motion to supplement his claims for relief.

## II. DISCUSSION

A.      *Motions to Vacate, Set Aside, or Correct a Sentence*

Section 2255 provides that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

18 U.S.C. § 2255(a).  "A 1-year period of limitation shall apply to a motion under this section."

*Id.* § 2255(f).   "No [] district judge shall be required to entertain an application for a writ of

habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the

United States if it appears that the legality of such detention has been determined by a judge or

court of the United States on a prior application for a writ of habeas corpus," except as set forth

below.  *Id.* § 2244(a); *see also id.* § 2244(b)(1).

Once a federal court has adjudicated a defendant's section 2255 motion, any "second or

successive" motion under section 2255 must be certified by a panel of the relevant court of

appeals to contain

> (1) newly discovered evidence that, if proven and viewed in light of the evidence
> as a whole, would be sufficient to establish by clear and convincing evidence that
> no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review
> by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also id.* § 2244(b)(2).   "Before a second or successive application

permitted by this section is filed in the district court, the applicant shall move in the appropriate

court of appeals for an order authorizing the district court to consider the application."   *Id.*

§ 2244(b)(3)(A).  The limitations on second and successive petitions under section 2255 were

imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**B.      *Defendant's Motion for Relief from a Final Judgment***

The Defendant purports to bring his motion pursuant to Federal Rule of Civil Procedure

60(b)(5) and 60(b)(6).  Def.'s Mot. at 2.  Rule 60(b)(5) provides that the Court may relieve a

party from a final judgment if "it is based on an earlier judgment that has been reversed or

vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Rule

60(b)(6) authorizes the Court to relieve a party from a final judgment for "any other reason that

justifies relief."  Fed. R. Civ. P. 60(b)(6).  The Government argues that despite the Defendant's

invocation of Rule 60(b), his motion should be treated as a second or successive petition governed by the certification requirements of 28 U.S.C. §§ 2244, 2255.

Addressing a petition to vacate a state court conviction under 28 U.S.C. § 2254, the Supreme Court noted that "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings . . . only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. . . .  [A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  In addition to the substantive conflict with AEDPA standards, in each of these [] examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar.

*Id.* at 531-32 (citations omitted).  Accordingly, the Supreme Court held that a Rule 60(b) motion presenting a "claim" should be treated as a habeas petition.  *Id.* at 532.  "A motion can [] be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*"— that is, when the motion challenges the court's previous determination "that there exist or do not exist grounds entitling a petitioner to habeas corpus relief."  *Id.* at 532 & n.4 (emphasis in original).  By contrast, a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceeding," for example, "denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," should not be treated as a habeas petition.  *Id.*

Although the Supreme Court limited the holding in *Gonzalez* to second or successive section 2254 petitions brought by defendants in subject to state court convictions, the Court noted that portions of section 2255 governing second or successive petitions are similar to those

governing section 2254. *Gonzalez*, 545 U.S. at 530, n.3. Moreover, "[n]early every circuit has applied the *Gonzalez* rationale to federal prisoners seeking habeas relief under § 2255." *Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010); *id.* at 302, n.4 (collecting cases). The D.C. Circuit in *Nugent v. United States*, 255 F. App'x 526 (D.C. Cir. 2007), cited *Gonzalez* in finding that because the Defendant's motion "sought to present a new claim for relief from the criminal judgment against him, the district court properly treated the pleading as a second or successive application under § 2255 and determined it did not have jurisdiction to consider the motion without certification by this court." *Id.* at 526. Courts in this District have routinely invoked *Gonzalez* in denying motions purportedly brought under Rule 60(b) that in substance challenge the merits of a prior decision denying relief under section 2255. *United States v. Agramonte*, No. 99-043, 2011 WL 2580118, at *1 (D.D.C. June 28, 2011); *United States v. Tchibassa*, 762 F. Supp. 2d 3, 7 (D.D.C. 2011); *Prepetit v. United States*, 639 F. Supp. 2d 49, 50-51 (D.D.C. 2009); *Harris v. United States*, 522 F. Supp. 2d 199, 202-03 (D.D.C. 2007). The Court agrees that *Gonzalez* governs second or successive petitions under section 2255, therefore, the Court turns to the question of whether the Defendant's Rule 60(b) motion should be considered a second or successive petition under section 2255 under the analytical framework set forth in *Gonzalez*.

C.      *Defendant's Motion is a Second or Successive Habeas Petition*

The Defendant's Rule 60(b) motion "relies on Rule 60(b)(5) and (6)[] as the threshold for the modification of the district court's final order to his section 2255 [motion]" which found that the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), did not retroactively apply on collateral attack. Def.'s Mot. at 2; *see* 8/30/2005 Mem. Op. at 23 ("Upon an examination of Petitioner's Confrontation Clause argument, it is clear that his claim fails for

6

two basic reasons: (1) Petitioner may not invoke *Crawford* because it announced a new rule of criminal procedure that may not be retroactively applied on collateral attack; and (2) assuming arguendo that *Crawford* was applicable, the statements at issue were not 'testimonial,' and therefore did not implicate *Crawford*'s basic holding.").  According to the Defendant, the Court's holding that *Crawford* did not apply retroactively "is the basis upon which the Court's denial . . . [of the Defendant's] Section 2255[]" is "no longer equitable."   Def.'s Mot. at 3 (citations omitted); *see also id.* at 14 ("Petitioner fully requests that his Section 2255 be reopen[ed] so that his decision under *Crawford* . . . can be r[e-]examined in light of the [] Supreme Court decision[] [in] *Melendez-Diaz*.").  On its face, the Defendant's Rule 60(b) motion challenges the Court's 2005 finding that *Crawford* did not entitle the petition to habeas corpus relief.  This attack on the Court's previous resolution of the Defendant's Confrontation Clause claim on the merits is precisely the type of argument the *Gonzalez* Court held must be construed as a second or successive habeas petition.  *Gonzalez*, 545 U.S. at 532 & n.4.

The Defendant asserts in a footnote that an intervening change in law is a procedural defect in the underlying habeas proceeding properly raised in a Rule 60(b) motion.  Def.'s Reply at 3 n.1.  Not all intervening changes in law are equivalent.   Claims for relief based on intervening changes in *procedural* law may be brought pursuant to Rule 60(b) in certain cases. For example, in *Phelps v. Alameida*, 569 F.3d 1120 (9th Cir. 2009), the defendant filed a Rule 60(b) motion seeking reconsideration of the denial of his habeas petition as untimely in light of an intervening change in law regarding how the California Supreme Court's disposition of an appeal affects the one year statute of limitations under the AEDPA.  *Id.* at 1125-29.  The Ninth Circuit found that the argument was properly raised in a motion pursuant to Rule 60(b)(6).  *Id.* at 1132-33.  Likewise, the Rule 60(b) motion at issue in *Gonzalez* alleged the district court

improperly applied the statute of limitations for federal habeas petitions brought by defendants convicted in state court. *Gonzalez*, 545 U.S. at 533. The Supreme Court held that Gonzalez's motion "fits [the] description" of a Rule 60(b) motion that should *not* be treated like a habeas corpus application because "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." *Id.* Thus, as the *Phelps* court noted, the *Gonzalez* decision establishes that Rule 60(b) is the proper means of challenging a federal court's decision that a defendant's habeas petition was untimely in light of intervening changes in procedural law. *Phelps*, 569 F.3d at 1132.

Prior to *Gonzalez*, "[v]irtually every Court of Appeals to consider the question" held that a motion arguing that a subsequent change in *substantive* law, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition." *Gonzalez*, 545 U.S. at 531. The Supreme Court agreed, noting that "a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent" the requirements of § 2244(b)(2)(A) and (b)(3). *Id.* at 531-32 (emphasis added). Thus, a claim based on an intervening change in *substantive* law, like the Defendant's claim in his Rule 60(b) motion, must be treated as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532, n.4. ("When a movant . . . asserts that a previous ruling regarding one of the grounds [purportedly entitling a petitioner to habeas corpus relief] was in error[] he is making a habeas corpus claim.")

In his Rule 60(b) motion, the Defendant cites *United States v. Pollard*, 290 F. Supp. 2d 153 (D.D.C. 2003), for the proposition that "a court could adopt the more liberal interpretation of Rule 60(b)[(1)], allowing corrections of substantive legal errors . . . [in] the unique situation whether the controlling law of the circuit changed between the time of the judg[]ment and the

time of the motion." Def.'s Mot. at 14-15 (citation omitted). The *Pollard* court explained that "Circuit courts of appeals 'have split over whether errors in legal reasoning may be corrected by Rule 60(b)(1) motions.'" *Pollard*, 290 F. Supp. 2d at 157 (quoting *Ctr. for Nuclear Responsibility, Inc. v. United States*, 781 F.2d 935, 939 (D.C. Cir. 1986)). However, the *Pollard* court took no position on that issue because "[i]n the case at hand, Mr. Pollard has not alleged, because he cannot, that the controlling law of this circuit has changed between the time of Judge Johnson's August 7, 2001 opinion and judgment and his October 5, 2001 motion for reconsideration." *Id.* In any event, the Defendant did not purport to bring a motion under Rule 60(b)(1), and decisions subsequent to *Pollard*—including *Gonzalez*—foreclose the availability of relief under Rule 60(b) for the claim raised in the Defendant's motion.

The Defendant makes two additional arguments that warrant mention. First, the Defendant argues that "he is entitled to equitable relief from the 2005 [j]udgment via an independent action in equity." Def.'s Reply at 5. The D.C. Circuit rejected this precise argument in *Nugent*: because the defendant's "Independent Action sought to present a new claim for relief from the criminal judgment against him, the district court properly treated the pleading as a second or successive application under § 2255 and determined it did not have jurisdiction to consider the motion without certification by this court." *Nugent*, 255 F. App'x at 526-27. Second, the Defendant suggests that the denial of his motion to supplement "would implicate the Suspension of Writ Clause because it constitutes a complete denial of any collateral review of [n]ew [l]egal developments that arose after petitioner filed his initial section 2255 petition." Def.'s Mot. to Suppl. at 3. To the extent the Defendant's motion is considered a second or successive habeas petition, the Defendant is not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the D.C. Circuit before pursuing his

claims in this Court.

### III.  CONCLUSION

For the foregoing reasons, the Court lacks jurisdiction over the Defendant's motion for relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b) and related motions. The Defendant's Rule 60(b) motion challenges the Court's prior decision rejecting the Defendant's section 2255 petition on the merits, and therefore constitutes a second or successive habeas petition and the Defendant is required to seek certification from the D.C. Circuit before pursuing his claims in this Court.  Accordingly, the Defendant's [297] Motion to Obtain Relief from a Final Judgment Under Federal Rule [of] Civil Procedure Rule 60(b) is DENIED, and the Defendant's [298] Motion for Disclosure and [322] Motion for Leave of the Court to Supplement Rule 60(b) Motion Pursuant to Civil Rules [sic] of Procedure 15(a) are DENIED AS MOOT.  An appropriate Order accompanies this Memorandum Opinion.

_____*/s/*_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE